UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | CV 10-7572 CAS (CWx) | Date | November 16, 2010 |
|---|---|---|---|
| Title | *HACHIRO OHTOMO v. JAPAN; ET AL.* | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| CATHERINE JEANG | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** (In Chambers): ORDER DISCHARGING ORDER TO SHOW CAUSE AND DISMISSING FOR LACK OF SUBJECT MATTER JURISDICTION

On October 18, 2010, Hachiro Ohtomo filed the instant action against the foreign state of Japan. Plaintiff alleges claims for abuse of process, fraud, violation of established foreign rules and procedures, and negligence. All claims stem from litigation occurring in Japan since 1988. The instant claims arise from defendant's alleged failure to deliver or provide a copy to plaintiff of the judgment on Japanese Case No. Supreme Court 2006 (ya) 242. Plaintiff brings this suit under the Foreign Sovereign Immunities Act, 28 U.S.C. §§ 1330, 1602 et seq. ("FSIA"). On October 26, 2010, this Court ordered plaintiff to show cause why this case should not be dismissed for lack of subject matter jurisdiction. Response to the order to show cause was required no later than November 9, 2010. On November 9, 2010, plaintiff filed a first amended complaint.

Under the FSIA, "a foreign state is presumptively immune from the jurisdiction of United States courts; unless a specified exception applies, a federal court lacks subject-matter jurisdiction over a claim against a foreign state." Saudi Arabia v. Nelson, 507 U.S. 349, 355 (1993). Pursuant to 28 U.S.C. §§ 1605(a)(1)-(7) and 1607, the FSIA's specific exceptions to immunity of a foreign state are: waiver; commercial activities carried on by the foreign state; expropriation; *in rem* actions; noncommercial tortious acts occurring in the United States; harm caused by terrorist states; and counterclaims arising from claims brought by the foreign state itself. A suit founded on the noncommercial tortious act exception must be for "personal injury or death, or damage to or loss of property." 28 U.S.C. § 1605(a)(5). Furthermore, the noncommercial tortious act exception does not apply to "any claim based upon the exercise or performance or the failure to exercise or perform a discretionary function regardless of whether the discretion

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**　　JS-6

| Case No. | CV 10-7572 CAS (CWx) | Date | November 16, 2010 |
|---|---|---|---|
| Title | *HACHIRO OHTOMO v. JAPAN; ET AL.* | | |

be abused" or "any claim arising out of malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights."  Id.

　　　It appears that plaintiff's claims do not fall under any of the exceptions provided in 28 U.S.C. §§ 1605(a)(1)-(7) and 1607.  Plaintiff's abuse of process claim is specifically exempted from suit pursuant to 28 U.S.C. § 1605(a)(5)(B).  Plaintiff's fraud claim does not fit the noncommercial tortious act exception.  Plaintiff's violation of established rules and procedures claim seems similar to plaintiff's abuse of process claim.  Plaintiff's negligence claim does not stem from personal injury, death, or damage to or loss of property.  Plaintiff's first amended complaint did not cure these deficiencies from plaintiff's original complaint.  Thus, this Court lacks jurisdiction to hear this case.  Accordingly, the Court DISMISSES the instant action with prejudice.

　　　IT IS SO ORDERED.

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　00　:　00

　　　　　　　　　　　　　　　　　　　Initials of Preparer　　　CMJ